J-S65043-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID SHEPPARD, | : | |
| | : | |
| Appellant | : | No. 851 EDA 2016 |

Appeal from the PCRA Order February 19, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0104702-1993

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 16, 2017**

David Sheppard ("Sheppard") appeals from the Order dismissing his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  Additionally, Earl G. Kauffman, Esquire ("Attorney Kauffman"), has filed an Application to Withdraw as counsel, and an accompanying brief.[1]  We grant Attorney Kauffman's Application to Withdraw and affirm the PCRA court's Order.

---

[1] Attorney Kauffman's appellate brief appears to be in the nature of a brief filed pursuant to ***Anders v. California***, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal.  When, as in this case, counsel seeks to withdraw from representation on collateral appeal, the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are applicable.  However, because an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** "no-merit" letter.  ***See Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

The PCRA court aptly summarized the relevant factual and procedural history, which we adopt for the purpose of this appeal. *See* PCRA Court Opinion, 12/13/16, at 1-3.

On May 9, 2017, Attorney Kauffman filed an Application to Withdraw as counsel.

Before addressing Sheppard's claims, we must determine whether Attorney Kauffman complied with the requirements of *Turner/Finley* in petitioning to withdraw as counsel. Pursuant to *Turner/Finley*, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. *See Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Such independent review requires proof of

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The [] court conducting its own independent review of the record; and
>
> 5) The [] court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Here, Attorney Kauffman indicated that he had reviewed the record, identified the issues that Sheppard seeks to raise, and explained why the issues lack merit. In addition, Attorney Kauffman sent Sheppard copies of the

***Turner*/*Finley*** brief and Application to Withdraw, and advised him of his rights to retain alternate counsel or to proceed *pro se* in the event that the court granted Attorney Kauffman permission to withdraw. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). Thus, we conclude that Attorney Kauffman has substantially complied with the procedural requirements necessary to withdraw as counsel. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance with the procedural requirements to withdraw as counsel will satisfy the ***Turner*/*Finley*** criteria).

We now independently review Sheppard's claims to ascertain whether they entitle him to relief.

In the ***Turner*/*Finley*** brief, Attorney Kauffman raises the following issues for our review:

> 1. Whether trial counsel was ineffective for failing to communicate [the] Commonwealth's offer to [Sheppard], and then telling the prosecutor that [Sheppard] declined the offer[?]
>
> 2. Whether [Sheppard's] mandatory minimum sentence for murder of the second degree is unconstitutional[,] and therefore[,] his sentence of life without the possibility of parole is illegal[?]

***Turner*/*Finley*** Brief at 4 (some capitalization omitted).[2]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the

---

[2] Sheppard did not file a separate *pro se* brief, nor did he retain alternate counsel.

evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

As an initial matter, we observe that the PCRA court set forth the relevant law regarding the PCRA's timeliness requirements, which we incorporate as though fully set forth herein, and properly determined that Sheppard's third Petition is patently untimely. ***See*** PCRA Court Opinion, 12/13/16, at 3-6.

In his first claim, Sheppard attempts to invoke the newly-recognized constitutional right exception based on the United States Supreme Court's decisions in ***Lafler v. Cooper***, 566 U.S. 156 (2012), and ***Missouri v. Frye***, 566 U.S. 134 (2012), and asserts that his trial counsel was ineffective for failing to communicate the Commonwealth's offer for a plea deal before declining the offer. ***Turner***/***Finley*** Brief at 4, 8.

In its Opinion, the PCRA court set forth the relevant law, considered Sheppard's first claim, and concluded that Sheppard failed to plead and prove the newly-recognized constitutional right exception to the PCRA's timeliness requirement. ***See*** PCRA Court Opinion, 12/13/16, at 6-10. We agree with the PCRA court's conclusion that Sheppard is not entitled to relief, and affirm on this basis as to Sheppard's first claim. ***See id.***

In his second claim, Sheppard attempts to invoke the newly-recognized constitutional right exception based on the United States Supreme Court's

decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013),[3] and argues that his sentence is illegal because he was subject to a mandatory minimum sentence for his second-degree murder conviction. **Turner**/**Finley** Brief at 4, 8.[4]

Initially, **Alleyne** is not applicable to the instant case. Sheppard received a mandatory sentence pursuant to 18 Pa.C.S.A. § 1102(b), which provides that "a person who has been convicted of murder of the second degree … shall be sentenced to a term of life imprisonment." Thus, the "fact"

---

[3] In **Alleyne**, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, 133 S. Ct. 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. **Id.** at 2156.

[4] We observe that Sheppard filed the instant *pro se* Petition in 2012, before the date of the **Alleyne** decision (June 17, 2013), and the counseled Amended Petition, which was filed in 2015, did not contain an **Alleyne** claim. Sheppard, *pro se*, responded to the PCRA court's Pa.R.Crim.P. 907 Notice of its intention to dismiss Sheppard's Petition with two additional filings, in which he challenged the legality of his sentence pursuant to **Alleyne**. The PCRA court observed that "petitioners may not automatically 'amend' their PCRA petitions via responsive pleadings." PCRA Court Opinion, 12/13/16, at 10 n.8 (quoting **Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014)). Additionally, on November 28, 2016, approximately nine months after filing a direct appeal from the dismissal his third Petition, Sheppard, *pro se*, filed a fourth PCRA Petition, again arguing that his sentence is illegal pursuant to **Alleyne**. "[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). However, because Attorney Kauffman raised the **Alleyne** claim in the **Turner**/**Finley** brief, we will consider Sheppard's second claim.

that led to Sheppard's life sentence was his jury conviction of second-degree murder, and the trial court engaged in no fact-finding at sentencing.

Moreover, the rule established in **Alleyne** does not apply retroactively where, as here, the judgment of sentence is final. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016) (holding that "**Alleyne** does not apply retroactively to cases pending on collateral review"); **see also Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that while **Alleyne** claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction). Thus, Sheppard is not entitled to relief on his second claim.

Finally, our independent review of the record has revealed no meritorious claims that Sheppard could have raised on appeal, and we agree with Attorney Kauffman that this appeal lacks merit. Accordingly, we grant Attorney Kauffman's Application to Withdraw and affirm the PCRA court's Order denying Sheppard's third PCRA Petition.

Application to Withdraw granted. Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>11/16/2017</u>

- 6 -

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CRIMINAL SECTION**

| | | |
|---|---|---|
| **COMMONWEALTH OF** | : | **CP-51-CR-0104702-1993** |
| **PENNSYLVANIA** | : | |
| | : | |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **SUPERIOR COURT** |
| **DAVID SHEPPARD** | : | **851 EDA 2016** |



CP-51-CR-0104702-1993 Comm. v. Sheppard, David
Opinion

7876465221

**O P I N I O N**

**GEROFF, J.**

**FILFD**

DEC 1 3 2016

Criminal Appeals Unit
First Judicial District of PA

**DECEMBER 13, 2016**

Petitioner, David Sheppard, has filed an appeal of this court's order denying his amended petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*.

## I. PROCEDURAL HISTORY

On May 12, 1994, after a jury trial before Judge Eugene H. Clarke, Jr., Petitioner was found guilty of murder of the second degree, two (2) counts of robbery, two (2) counts of criminal conspiracy, simple and aggravated assault, possessing an instrument of crime, carrying

0026_Opinion

firearms on public streets or public property, and recklessly endangering another person.[1] On January 5, 1995, Petitioner received a mandatory sentence of life imprisonment without parole on the charge of murder of the second degree and concurrent sentences on all other charges except for one count of criminal conspiracy for which no further penalty was imposed. At trial, Petitioner was represented by Leon Martelli, Esquire.

Petitioner filed a Notice of Appeal with the Pennsylvania Superior Court.[2] On June 22, 2000, the Pennsylvania Superior Court affirmed his judgments of sentence. On March 13, 2001, Petitioner's petition for allowance of appeal was denied by the Pennsylvania Supreme Court.

On September 17, 2001, Petitioner timely filed his first *pro se* PCRA petition.[3] Petitioner subsequently received court-appointed counsel who filed a No-Merit Letter pursuant to *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (1988) (*en banc*) (establishing the procedure for withdrawal of court-appointed counsel from representing a petitioner on collateral review). After conducting a review of the record, the PCRA court denied Petitioner's Petition as meritless and permitted counsel to withdraw representation.

Petitioner filed a Notice of Appeal; on September 29, 2003, the Pennsylvania Superior Court affirmed the PCRA court's decision. On May 24, 2004, the Pennsylvania Supreme Court denied Petitioner's Petition for Allowance of Appeal.

On June 9, 2008, Petitioner filed his second PCRA petition, which the PCRA court

---

[1] Petitioner participated in the robbery of a drug store; during the commission of the crime, one of Petitioner's co-conspirators shot and killed the pharmacist.

[2] Petitioner's direct appeal to the Superior Court was dismissed on two occasions because of his appellate counsel's failure to file a brief. Petitioner's appellate rights were subsequently reinstated *nunc pro tunc*, and his direct appeal was perfected.

[3] Petitioner's petition was treated as his first PCRA petition as his earlier PCRA petitions resulted in the *nunc pro tunc* reinstatement of his direct appellate rights. *See, e.g., Commonwealth v. Vega*, 2000 PA Super 174, 754 A.2d 714, 716 (2000) ("If a first PCRA petition has resulted in reinstatement of appellate rights *nunc pro tunc*, this court has the authority to treat a subsequently filed PCRA petition as a 'first petition.'" (citations omitted).

denied as untimely on July 27, 2010. On August 19, 2010, Petitioner filed a Notice of Appeal; on October 18, 2010, Petitioner's appeal was denied by the Pennsylvania Superior Court for failure to comply with Pa.R.A.P. 3517.

On April 12, 2012, Petitioner filed his third PCRA petition. Thereafter, Earl Kaufmann, Esquire, was appointed to represent Petitioner. On May 28, 2015, Petitioner's counsel filed a *Finley* - No Merit Letter, which he subsequently withdrew. On July 22, 2015, counsel filed an Amended PCRA Petition on Petitioner's behalf in which he argued that Petitioner's trial counsel rendered ineffective assistance for failing to inform Petitioner about the Commonwealth's pre-trial offer. On December 21, 2015, the Commonwealth filed a Motion to Dismiss.

On December 23, 2015, this court filed a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 informing Petitioner of the forthcoming dismissal of his PCRA petition as untimely. On January 15, 2016, Petitioner filed an Answer to PCRA Court's Notice to Dismiss, and on February 16, 2016, Petitioner filed a Petition for Extraordinary Relief.

On February 19, 2016, following a review of the record and the applicable law, this court dismissed Petitioner's PCRA Petition as untimely.[4] On March 18, 2016, Petitioner filed a Notice of Appeal.

## II. STANDARD OF REVIEW

Under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §9545(b), all PCRA petitions must be filed within one year of the date on which the judgment became final, unless one of the three statutory exceptions set forth in 42 Pa.C.S. §9545(b)(1) applies.

---

[4]The dismissal occurred more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his PCRA petition. Pa. R. Crim. P. 907.

3

Section 9545 (b)(1) provides in pertinent part:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. §9545(b).

The Pennsylvania Supreme Court has ruled that Pennsylvania courts have no jurisdiction to hear untimely Post Conviction Relief Act petitions. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003); *Commonwealth v. Hall*, 565 Pa. 92, 95, 771 A.2d 1232, 1234 (2001). *See also Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999) (stating that all PCRA petitions, "including second and subsequent ones, must be filed within one year of the date on which the judgment became final, unless one of the three statutory exceptions … applies"); *Commonwealth v. Perrin*, 2008 PA Super 91, ¶ 3, 947 A.2d 1284, 1285 (2008) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be

4

dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.").

Claims of PCRA counsel's ineffectiveness do not save an otherwise untimely PCRA petition for review on the merits. *Commonwealth v. Morris*, 573 Pa. 157, 822 A.2d 684, 694–95 (2003); *Commonwealth v. Fahy,* 558 Pa. 313, 330, 737 A.2d 214, 223 (1999). *See also Commonwealth v. Breakiron*, 566 Pa. 323, 334, 781 A.2d 94, 100 (2001) ("[O]ur Court has expressly rejected attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA Petition."); *Commonwealth v. Fowler*, 2007 PA Super 219, ¶ 8, 930 A.2d 586, 591 (2007) ("[A]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.") (citation omitted).

## III. **DISCUSSION**

As a preliminary matter, Petitioner's PCRA Petition is patently untimely. Here, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on March 13, 2001. Petitioner's judgments of sentence became final ninety days thereafter, on June 12, 2001, upon expiration of the time for seeking discretionary review in the U.S. Supreme Court. *See* U.S.Sup.Ct.R. 13.1 (allowing 90 days for the filing of a petition for a writ of *certiorari* in the U.S. Supreme Court). Petitioner had until June 12, 2002, to file a PCRA petition in a timely manner. Accordingly, Petitioner's third PCRA Petition, filed on April 12, 2012, almost ten years after his judgments of sentence became final, is time-barred unless one of the exceptions set forth in 42 Pa.C.S. §9545(b)(1) is satisfied.

Upon review of the record and the applicable law, this court concludes that Petitioner's Petition is untimely and that, therefore, it has no jurisdiction to consider the merits of Petitioner's

5

untimely Petition. No relief is due.

In his Amended PCRA Petition, Petitioner neither acknowledges his petition's untimeliness nor unequivocally invokes any of the enumerated exceptions to the PCRA time-bar. Petitioner argues that his trial counsel was ineffective for failing to inform him "that there was an offer from the Commonwealth which could save him from sentences of life without parole for felony murder." Memorandum of Law in Support of Amended PCRA Petition for Non-Capital Homicide by Petitioner David Sheppard, 07/22/2015, p. 2.

Petitioner indicates that the trial court discussed the issue of an offer at a pre-trial motions hearing on April 11, 1994 and that, according to the ADA, the offer was communicated to Petitioner's counsel, Leon Martelli,[5] who turned it down. Memorandum of Law, 07/22/2015, p. 3.[6] Additionally, Petitioner points out that the offer, which the Commonwealth subsequently withdrew, "was not put on the record at the motions hearing or at trial" and that the trial judge did not conduct a colloquy with Petitioner about the offer. Memorandum of Law, 07/22/2015, p. 3.

Petitioner notes, "Offers made by the Commonwealth must be communicated to the

---

[5] On March 26, 2002, Attorney Martelli was disbarred by the Disciplinary Board of the Supreme Court of Pennsylvania on a matter unrelated to Petitioner's case.

[6] The following discussion occurred in the courtroom with regard to the Commonwealth's offer on April 11, 1994:

> MR. KING ... I will state for the record that initially and leading up to the start of this case there was [sic] some discussions about a possible plea on the part of one or two of the defendants; namely, Mr. Sheppard and Mr. Lilly. I have been told by detectives and counsel that our offer was rejected and for that purpose, the Commonwealth is withdrawing any offer heretofore made to those two people. . . .
> THE COURT: Were the offers or the discussions about the offers made with counsel?
> MR. KING: There were made with counsels' approval and . . .
> THE COURT: Were they made with the defendants or with counsel?
> MR. KING: I believe one of them was made with counsel and the defendant. I believe the second one was made only to counsel and counsel relayed the responses to them.

N.T., 04/11/1994, pp. 9-10.

6

client in every case, regardless of the attorney's opinion about the advantages or disadvantages of an offer. It is unprofessional for an attorney not to communicate an Offer to a client...." Memorandum of Law in Support of Amended PCRA Petition for Non-Capital Homicide by Petitioner David Sheppard, 07/22/2015, pp. 4-5. Petitioner argues that there was no reasonable basis for trial counsel to turn down that offer. He avers that there was reasonable probability that if the offer had been accepted, the court would have agreed to its terms. He suggests that the offer's terms would have been less severe than a sentence of life without parole which was meted to him for second-degree murder. Memorandum of Law, 07/22/2015, p. 4. Petitioner posits that his trial counsel's omission "robbed [Petitioner] of the choice to accept an Offer," thereby causing him undue prejudice. Memorandum of Law, 07/22/2015, p. 4.

Under the law, Petitioner's claim of ineffective assistance of counsel does not constitute an exception to the time-bar. This court agrees with the Commonwealth that to the extent Petitioner implies that the U.S. Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), and its companion case, *Missouri v. Frye*, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) allow him to meet the newly-recognized-constitutional-right exception under 42 Pa.C.S. § 9545(b)(1)(iii), that implication is misguided. *See* Commonwealth's Motion to Dismiss, 12/21/2015, p. 10.

The U.S. Supreme Court's decisions in *Lafler* and *Frye* "raise relatively straightforward questions about **the scope of the right to effective assistance of counsel**." *Lafler*, 132 S.Ct. at 1392 (Scalia, J., with whom Justice Thomas joins, and with whom The Chief Justice joins as to all but Part IV, dissenting) (emphasis added).

Specifically, the *Lafler* Court addressed the question on "how to apply *Strickland's* prejudice test where ineffective assistance results in a rejection of the plea offer and the

7

defendant is convicted at the ensuing trial"[7] and held that defendants' Sixth Amendment right to

counsel "extends to the plea-bargaining process." *Id.* at 1384 (citations omitted). The *Lafler*

Court noted, *inter alia*:

> **The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding.** Its protections are not designed simply to protect the trial, even though "counsel's absence [in these stages] may derogate from the accused's right to a fair trial." *United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). **The constitutional guarantee applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice.**

132 S.Ct. at 1385 (emphasis added).

> In *Frye*, the Court provided the following guidance with regard to guilty plea offers:

> This Court now holds that, as a general rule, defense counsel has the duty to **communicate** formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. . . . When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires.

132 S. Ct. at 1408.

As our Superior Court emphasized in *Commonwealth v. Feliciano*, 2013 PA Super 163,

69 A.3d 1270, 1277 (2013), "neither *Frye* nor *Lafler* created a new constitutional right." *Id.* The

Court clarified that "**these decisions simply applied the Sixth Amendment right to counsel,**

**and the *Strickland* test for demonstrating counsel's ineffectiveness, to the particular**

---

[7] The *Lafler* Court explained that in order to meet the prejudice prong of the *Strickland* test in the context where the alleged ineffectiveness of counsel involves the defendant's rejection of a plea offer, the defendant must show

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

132 S. Ct. at 1385.

8

**circumstances at hand**, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment." *Id.* at 1277 (emphasis added). *See also Commonwealth v. Lewis*, 2013 PA Super 62, 63 A.3d 1274, 1280 (2013) ("The right to effective assistance of counsel during the plea bargaining process has been recognized for decades."); *Commonwealth v. Hernandez*, 2013 PA Super 243, 79 A.3d 649, 654 (2013) (neither *Lafler* nor *Frye* set forth a constitutional right recognized by the U.S. Supreme Court that would provide appellant with an exception to the PCRA timelines requirements).

Moreover, under § 9545(b)(1)(iii), the new right asserted must be a constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania and "held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii). *See also Commonwealth v. Wojtaszek*, 2008 PA Super 119, 951 A.2d 1169, 1171 (2008) ("[A] petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.") (citation omitted); *Commonwealth v. Copenhefer*, 596 Pa. 104, 110, 941 A.2d 646, 649-50 (2007) ("By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.") (citation and quotation omitted); *Commonwealth v. Abdul-Salaam*, 571 Pa. 219, 227, 812 A.2d 497, 502 (2002) ("[A] new rule of constitutional law is not made retroactive to cases on collateral review unless the Supreme Court has held it to be retroactive") (citation and quotation omitted).

This court concludes, therefore, that the U.S. Supreme Court's decisions in *Lafler* and *Fry* (which decisions did not announce a new constitutional right or applied it retroactively to cases on collateral review) do not establish a basis for Petitioner to escape the PCRA's jurisdictional time-bar.

9

Petitioner failed to comply with the timeliness requirements of the PCRA as his ineffective-assistance-of-counsel claim does not place his PCRA Petition within any of the enumerated exceptions to the PCRA time-bar. Accordingly, this court lacks jurisdiction to consider Petitioner's untimely petition. No relief is due.[8]

---

[8] Additionally, upon review of the applicable law and Petitioner's responsive pleadings, "Answer to PCRA Court's Notice to Dismiss Pro Se Petition for Habeas Corpus Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief Pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9542 *et seq.*," 01/15/2016, p. 2 (raising an after-discovered evidence exception under 42 Pa.C.S. § 9545(b)(1)(ii))), and "Motion for Extraordinary Relief Pursuant to 42 Pa.C.S § 5504-5505 and Article I, Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief Pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9542," 02/16/2016 (asserting a newly-recognized-constitutional-right exception under the authority of *Alleyne v. United States*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), *Commonwealth v. Newman*, 2014 PA Super 178, 99 A.3d 86 (2014), *appeal denied*, 121 A.3d 496 (Pa. 2015), *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), and *Montgomery v. Louisiana*, 136 S. Ct. 718, 733-34, 193 L. Ed. 2d 599 (2016), as revised (Jan. 27, 2016)), this court is satisfied that the supplemental claims Petitioner is raising therein are meritless and do not save Petitioner's third PCRA Petition from the PCRA time-bar. Furthermore, as our Supreme Court emphasized, "petitioners may not automatically "amend" their PCRA petitions via responsive pleadings." *Commonwealth v. Baumhammers*, 625 Pa. 354, 391, 92 A.3d 708, 730 (2014).

## IV. CONCLUSION

Petitioner has failed to demonstrate any basis for relief. In the absence of any meritorious challenge which can be found in the reviewable record, Petitioner has failed to articulate his allegations in accordance with the requisites of a claim predicated upon counsel's ineffectiveness. No relief is due.

For the foregoing reasons, Petitioner's petition for post-conviction collateral relief was properly dismissed.

BY THE COURT:

_____
STEVEN R. GEROFF,    J.

11